UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MATTHEW BREVELERI, on behalf of himself and all others similar situated, | )<br>)<br>) Civil Action No.: 17-cv-107 |
| Plaintiff, | )<br>) |
| v. | ) **CLASS ACTION COMPLAINT** |
| PCL CONSTRUCTION ENTERPRISES, INC. and PCL CIVIL CONSTRUCTORS, INC. | )<br>) **JURY TRIAL DEMANDED**<br>) |
| Defendants. | )<br>) |

Plaintiff Matthew Breveleri, individually and on behalf of all others similarly situated, by and through counsel, hereby files this action against Defendants PCL Construction Enterprises, Inc. and PCL Civil Constructors, Inc. (collectively, "Defendants" or "PCL"), and alleges as follows based upon personal knowledge, investigation of counsel, and information and belief:

## NATURE OF THE ACTION

1. On or about July 27, 2017, during construction of a local bridge, PCL acted negligently by damaging the main power transmission line for Hatteras and Ocracoke Islands (collectively, the "Islands"), which resulted in widespread electrical power outages for residents, visitors and businesses on the Islands.

2. The power outage resulted in North Carolina Governor Roy Cooper declaring a state of emergency and issuing a mandatory evacuation of thousands of individuals from the Islands, which are popular tourist destinations during the busy summer season. In addition to

1

those evacuated, thousands of tourists and renters were denied entry to the Islands pursuant to that same evacuation order.

3. The power outage caused significant economic and personal hardship to individuals and families, who were visiting or who had planned to visit, the Hatteras and Ocracoke Islands area.

4. Plaintiff brings this class action against PCL for the economic and personal hardships, which they experienced following the evacuation of the affected area and inability to stay at, or visit, the Hatteras and Ocracoke Islands.

## PARTIES

5. Plaintiff Matthew Breveleri is a resident of Massachusetts. He rented the vacation rental property located at 46677 NC Hwy 12, Buxton, NC 27920 for the week of July 29, 2017 to August 5, 2017. Plaintiff Breveleri has suffered a financial loss as a result of Defendants' conduct including unreimbursed rental payments and travel expenses.

6. The PCL umbrella is composed of a number of independent construction companies including Defendants PCL Civil Constructors, Inc. and PCL Construction Enterprises, Inc. PCL carries out operations in different construction markets throughout Canada, the United States, the Caribbean and Australia. PCL employs more than 4,500 full-time professional and administrative salaried staff and more than 10,000 hourly tradesmen. PCL does an annual construction volume of $8 billion.

7. Defendant PCL Construction Enterprises, Inc., which is headquartered in Denver, Colorado, offers commercial, civil, and heavy industrial construction services in North America.

8. Defendant PCL Civil Constructors, Inc. is a wholly-owned subsidiary of PCL Construction Enterprises, Inc., which is incorporated in Colorado and does business in North Carolina, among other locations.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there are more than 100 Class Members, the class contains members of diverse citizenship from Defendants, and the amount in controversy exceeds $5,000,000 exclusive of costs and interests.

10. This Court has personal jurisdiction over PCL because it is licensed to and conducts substantial business in North Carolina, and in particular in this federal judicial District.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because PCL regularly conducts business in this District, and a substantial part of the events giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

12. The Herbert C. Bonner Bridge (hereinafter, "Bonner Bridge") is located in the heart of one of North Carolina's most popular summer tourist attractions and destination, the Outer Banks.

13. On a daily basis, up to 14,000 cars traverse the Bonner Bridge in both directions, and visitors, residents and local businesses rely on the Bridge for accessibility to Hatteras Island.

14. In 2011, the North Carolina Department of Transportation awarded a design-build contract to PCL for the design and construction of a bridge to replace the existing Bonner Bridge, which would carry N.C. Highway 12 over the Oregon Inlet between Hatteras and Bodie Island. The estimated cost of the project was $246 million.

15. On or about July 27, 2017, PCL informed the Cape Hatteras Electric Cooperative that it "drove a steel casing into the underground transmission cable that runs between the south end of the Bonner Bridge and the overhead riser pole."

16. Integrity tests revealed that two additional transmission cables were also severed. Thereby, all electricity and power was cut to the Hatteras and Ocracoke Islands.

17. Also on or about July 27, 2017, in response to this loss of power, North Carolina Governor Roy Cooper declared a State of Emergency in order to ensure the appropriate state and local government response to the power outage caused by PCL's negligence.

18. As a result of the damage caused to the underground transmission cables by PCL's negligence, thousands of individuals in Dare and Hyde Counties lost electrical power and were evacuated from the Outer Banks. A mandatory evacuation order was issued affecting over 10,000 tourists and renters including Plaintiff Breveleri.

19. Plaintiff Breveleri and similarly situated individuals were unable to use their rental units, did not receive refunds, and incurred additional travel expenses and costs due to the power outage caused by PCL's negligence in damaging the transmission lines.

## **CLASS ACTION ALLEGATIONS**

20. Plaintiff brings this suit as a class action on behalf of himself and on behalf of all others similarly situated pursuant to Federal Rule of Civil Procedure 23. This action satisfies Rule 23's requirements of numerosity, commonality, typicality, adequacy, predominance and superiority.

21. The Class that Plaintiff seeks to represent is defined as follows:

> All individuals who were renting or made a payment to rent vacation properties in the area impacted by PCL's July 27, 2017 negligent transmission line damage during the time period of the State-imposed mandatory evacuation.

22. <u>Numerosity</u>. Fed R. Civ. P. 23(a)(1). The members of the Class are so numerous that joinder of all members is impractical and class action represents the superior method of litigating this matter. Although the exact number of Class members is unknown to Plaintiff at this

4

Case 4:17-cv-00107-D     Document 1     Filed 08/08/17     Page 4 of 9

time, based on information and belief, it is estimated to be over 10,000 individuals. The exact number is generally ascertainable by appropriate discovery. Local rental agencies and online rental sites would have knowledge of the damages experienced by ongoing and future vacation renters due to the July 27, 2017 power outage caused PCL's negligence.

23. <u>Commonality</u>. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Classes, which predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

    a. Whether and to what extent PCL had a duty of reasonable care in its construction of the Bonner Bridge with respect to the transmission lines that were damaged resulting in the electrical outages;

    b. Whether PCL failed to exercise its duty of reasonable care and was negligent resulting in Plaintiff and Class Members experiencing economic and personal damages as a result of electrical outages and evacuations from the affected area;

    c. Whether Plaintiff and Class Members are entitled to actual damages and/or punitive damages as a result of PCL's negligent conduct; and

    d. Whether Class Members are entitled to injunctive relief to redress the economic and personal harm resulting from the ongoing power outage caused by Defendants' negligence.

24. <u>Typicality</u>. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of those of other Class Members because Plaintiff and Class Members all experienced economic and personal loss as a result of PCL's negligence. Plaintiff is advancing the same claims and legal theories on behalf of himself and all Class Members.

25. <u>Adequacy of Representation</u>. Fed. R. Civ. P. 23(a)(4). Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no disabling conflicts of interest that would be antagonistic to those of the other members of the Class and the damages that he has suffered are typical of other Class members. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.

26. <u>Superiority of Class Action</u>. Fed. R. Civ. P. 23(b)(3). Class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of class members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain class members, who could not individually afford to litigate a complex claim against large corporate entity like PCL. Further, even for those class members who could afford to litigate such a claim, it would still be economically impractical.

27. The nature of this action and the nature of laws available to Plaintiff and the Classes make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and the Class for the wrongs alleged because PCL would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Class member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff was exposed is representative of that experienced by the Class they seek to represent and will establish the right of each member of the Class to recover on the cause of

action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

28. The litigation of the claims brought herein is manageable. PCL's uniform conduct, the consistent provisions of the relevant laws, and the ascertainable identities of Class Members demonstrates that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

29. Adequate notice can be given to Class Members directly using information maintained in public records.

30. Unless a Class-wide injunction is issued, Plaintiff and the Class may be subject to further harm in the future due to PCL's gross negligence and lack of due diligence with respect to driving of steel casings into the ground. PCL should be required by injunction to go forward with construction using the most accurate available data and best practices for drilling or driving subterranean or underwater infrastructure so as to avoid any future economic and personal losses to Plaintiff and the Class from future avoidable service disruption.

31. Further, PCL has acted negligently in a manner that applies generally to the Class, making final injunctive and declaratory relief appropriate to the Classes as a whole. PCL's acts and omissions are the direct and proximate cause of damage described more fully elsewhere in this Complaint.

## CAUSE OF ACTION
### Negligence
**(On Behalf of Plaintiff and Similarly Situated Individuals)**

32. The allegations in all preceding paragraphs are incorporated by reference as though fully set forth herein.

33. In designing and building the Bonner Bridge, PCL had a duty to exercise reasonable care during construction so as not to cause any interference with the vacation rental plans of individuals and families in the affected area, including Plaintiff and Class Members.

34. Defendants' actions that resulted in a severed transmission line and resulting wide-scale power outage demonstrates a failure to exercise that duty of care.

35. Defendants' breach of its duty to exercise reasonable care was the actual and proximate cause of Plaintiff's and Class Members' economic and personal injuries since they would not have experienced lost vacation opportunities but-for the actions of Defendants.

36. Plaintiff and the Class Members were the foreseeable and probable victims of any inadequate care toward the construction of the Bonner Bridge. PCL knew or should have known of the inherent economic risks in causing a wide-scale power outage in the Outer Banks area during the busy summer season.

37. Plaintiff and the Class Members had no ability to continue or commence their vacation rental plans during the widescale power outage.

38. As a result of PCL's negligence, Plaintiff and Class Members have suffered and will continue to suffer damages and injury including, but not limited to: out-of-pocket expenses associated with evacuation; lost rental fees; and lost vacation time from their jobs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, pray for relief as follows:

A. For an Order certifying this action as a class action and appointing Plaintiff and his Counsel to represent the Classes.

B. A mandatory injunction directing PCL to hereinafter exercise its duty of reasonable care during construction of the Bonner Bridge so that no further power outages are experienced;

C. For an award of actual damages and compensatory damages, in an amount to be determined;

D. For an award of attorneys' fees and costs; and,

E. Such other and further relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.


Dated: August 8, 2017          Respectfully submitted,

/s/ Jean Sutton Martin
JEAN SUTTON MARTIN
North Carolina Bar Number 25703
**LAW OFFICE OF JEAN SUTTON MARTIN PLLC**
2018 Eastwood Road Suite 225
Wilmington, NC 28403
Telephone: (910) 292-6676
Facsimile: (888) 316-3489
Email: jean@jsmlawoffice.com

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Gregory M. Nespole
Thomas H. Burt
Patrick Donovan
270 Madison Avenue
New York, NY 10016
Tel: 212-545-4600
Fax: 212-686-0114
Burt@whafh.com
Isquith@whafh.com
Donovan@whafh.com

*Attorneys for Plaintiff and the Proposed Class*


794672